# IN THE COURT OF APPEALS OF IOWA

No. 24-0073
Filed April 10, 2024

IN THE INTEREST OF C.B. and L.H.,
Minor Children,

J.H., Mother,
    Appellant,

J.B., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Kimberly K. Shepherd, Judge.

A mother and father appeal the termination of their parental rights.
**AFFIRMED ON BOTH APPEALS.**

Jacob Van Cleaf of Van Cleaf & McCormack Law Firm, Des Moines, for appellant mother.

Gina L. Kramer of Kramer Law Office, PLLC, Dubuque, for appellant father.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Barbara Maness, Davenport, for minor child L.H. and guardian ad litem for the minor children.

Taryn McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, LLP, Dubuque, for minor child C.B.

Considered by Schumacher, P.J., Ahlers, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**SCHUMACHER, Presiding Judge.**

A mother and father appeal the termination of their parental rights. They argue the statutory grounds for termination have not been proven and they should have been granted additional time to work toward reunification. The father argues that termination is not in the best interest of C.B. And the mother argues that a permissive exception should be applied to preclude termination.

## I. Background Facts and Prior Proceedings

C.B., born in 2013, and L.H., born in 2020, are the children of the mother, J.H. J.B. is C.B.'s biological father, but he is not the biological father of L.H. The father of L.H. is unknown. Prior to the involvement of the Department of Health and Human Services (HHS), both children lived primarily with their mother in Iowa. The father of C.B. resides in Illinois.

HHS became involved with this family because of concerns about supervision. In late 2021, the children were left home alone while their mother was out of town with her boyfriend. Eight-year-old C.B. was responsible for feeding himself and L.H., and caring for L.H., including diaper changing. Following this incident, a child abuse assessment report was founded against the mother. HHS provided services to the mother to try to preserve the family unit.

In December, the mother left the children home alone again. In May 2022, the family became homeless, and both children were removed from parental custody in June 2022 because of safety issues and concerning behavior by the mother. The children were adjudicated children in need of assistance (CINA) in November 2022 under Iowa Code sections 232.2(6) and 232.96A(2), (3)(b), (7), and (14) (2022).

The mother struggled with substance use and mental health issues. At the time of the termination hearing, she was in treatment for both concerns, although she had not consistently addressed either since HHS involvement. She tested positive for methamphetamine, has been unable to keep a steady job, and moved around many times. She admitted using methamphetamine as recently as July 2023. She is reported to often not be oriented to "time, space, and reality."

C.B.'s father has also struggled with substance use issues and never completed the drug testing requested by HHS. He remains in Illinois and was denied placement through the Interstate Compact on the Placement of Children (ICPC) home study process. He has not provided financially for C.B., and at the termination hearing, he did not know basic information about his child, such as what grade C.B. was in and where he attended school.

C.B. initially struggled to give up his caretaking role of L.H. following removal, not leaving his sibling's side. But the children settled into their placement, where they reside together. C.B. reports feeling safe. Neither child has a diagnosis. They are both healthy. C.B. is doing well in the 5th grade, and L.H. attends three-year-old preschool. The children are very bonded to each other.

Following about thirteen months of unsuccessful reunification efforts after formal removal, the State filed a petition for termination of parental rights in July 2023. The court held a termination hearing in September and November 2023. The court terminated the mother's parental rights under Iowa Code sections 232.116(1)(d), (e), (f) (C.B. only), (h) (L.H. only), and 232.117 (2023). The court terminated C.B.'s father's parental rights under Iowa Code sections 232.116(1)(d), (e), (f), and 232.117. The court terminated the rights of all putative fathers of L.H.

under Iowa Code sections 232.116(1)(b) and 232.117. The mother and the father of C.B. appeal the termination order.

## II. Standard of Review

We review the termination of parental rights de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, though we give them respectful consideration, particularly regarding credibility determinations." *Id.*

## III. Termination of Parental Rights

We review the termination of parental rights in three steps. *Id.* First, whether there is a ground for termination. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Second, whether termination is in the child's best interest. *Id.* And third, whether any exception to termination under Iowa Code section 232.116(3) should be applied. *Id.* The State must show the grounds for termination by clear and convincing evidence, and "[e]vidence is considered clear and convincing when there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* (internal citation omitted).

The mother argues the State failed to prove the statutory grounds for termination and the permissive exception located in Iowa Code section 232.116(3)(c) should preclude termination of her parental rights because of the closeness of the parent-child relationship. The father also argues the State failed to prove a statutory ground for termination, and he asserts termination is not in C.B.'s best interest. Both parents argue for a six-month extension of time to work toward reunification. We address each argument in turn.

a. Grounds for Termination

Because we determine termination of the mother and father's parental rights was proven by clear and convincing evidence as to C.B. under Iowa Code section 232.116(1)(f), and termination of the mother's parental rights as to L.H. was proven by clear and convincing evidence under section 232.116(1)(h), we limit our discussion to those grounds.

For termination under section 232.116(1)(f) the State must show the child is four years of age or older, has been adjudicated CINA, has been removed from the home for twelve of the last eighteen months, and the child could not be returned to the parent's custody at the present time. For termination under section 232.116(1)(h) the State must show the child is three years of age or younger, has been adjudicated CINA, has been removed from the home for six of the last twelve months, and the child could not be returned to the parent's custody at the present time. There is no question the first three elements of each ground for termination have been met, and the mother and father only dispute whether the children could be returned to their custody at the present time.

In this context, "at the present time" refers to the time of the termination hearing. *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). At the time of the termination hearing, the mother was living in a treatment facility to address her substance-abuse and mental-health issues. She had just begun treatment and it was too early to know if she would even succeed. After two years of little to no progress, the mother entered treatment just before the termination hearing.

Although the children would be permitted to live with her at the treatment facility, the mother had not shown at the time of the hearing that she could care for

them. She only admitted she had a substance use issue shortly before entering treatment. This treatment is just the start to a resolution of a long history of substance use. And "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children." *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). At times, the mother appeared under the influence when visiting the children and the mother never moved beyond supervised visits. Her lack of progress reveals a barrier to having the children returned to her custody at the time of the hearing. *See In re C.N.*, No. 19-1861, 2020 WL 567283, at *1 (Iowa Ct. App. Feb. 5, 2020).

The father was also unable to care for C.B. at the time of the termination hearing. He has a history of substance use and he refused to cooperate with drug testing. The father's refusal to engage in services makes it impossible to resolve the issues that started this case and prevented C.B. from being placed in his custody at the time of the termination hearing. And the father was denied approval for placement of C.B. through a home study. Clear and convincing evidence exists for termination of the father's parental rights.

b. Best Interest

The father asserts termination of his parental rights is not in C.B.'s best interest. Under Iowa Code section 232.116(2) the court must consider the best interest of the child:

> In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.

The father has a history of substance use, and over the course of this case he has never drug tested and has not shown he has addressed this issue. "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997). The children are placed together in a home willing to adopt the siblings. The siblings have a strong bond. It would be in their best interest to remain together. *See In re L.B.T.*, 318 N.W.2d 200, 202 (Iowa 1982) (noting that "[w]herever possible brothers and sisters should be kept together"). It is not in the best interest of C.B. to keep his future uncertain in a foster home waiting for his father. *See C.K.*, 558 N.W.2d at 175.

While the mother does not specifically challenge the district court's determination that termination is in the children's best interest, we choose to address this issue, concluding that the termination of her parental rights is also in both children's best interest. For two years, the mother has failed to address the issues that led to this case, and "[c]hildren simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). And a parent's past behavior is indicative of their future behavior. *In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993) ("Case history records are entitled to much probative force when a parent's record is being examined.") The mother's continued mental health issues and substance use will prevent her from providing the permanency the children need at this time. *See In re P.L.,* 778 N.W.2d 33, 39 (Iowa 2010) (noting the importance of permanency).

c.  Permissive Exception

The mother argues the court should have applied a permissive exception to termination under Iowa Code section 232.116(3)(c) because there is clear and convincing evidence that the termination would be detrimental to the minor children due to the closeness of the parent-child relationship.  The exceptions to termination under section 232.116(3) are discretionary, not mandatory.  *A.S.*, 906 N.W.2d at 475.  And "the parent resisting termination bears the burden to establish an exception to termination." *Id.* at 476.

C.B. and his mother have a bond, but we question the healthiness of this bond.  C.B. struggles between his comfort in the foster home and his loyalty to his mother.  He worries about his mother, and he has frequent stomach aches.  C.B. has been placed in a caretaking role for both his mother and his sibling.  And for termination to be precluded under this section we must find it would be detrimental to the child.  *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010).

The record shows that the bond between the mother and L.H. may be less. Both C.B. and L.H. have settled well into their current placement.  C.B. does well in school.  L.H. has done well with a routine and attends preschool.  Both children participate in extracurricular activities; C.B. participates in baseball and wants to play golf.  L.H. participates in dance.  We do not imply that acceptable parenting must involve sports and dance lessons.  Without comparison to the current placement, the mother's inability to provide basic day-to-day care for the children is fatal to her argument. Despite the relationship between the mother and children, her demonstrated inability to care for them and their success in their current

placement indicate termination is in their long-term interest.  The mother has not met her burden to show that this permissive exception should be applied.[1]

   d.  Extension of Time

Both parents also request an extension of time to work toward reunification. Under Iowa Code section 232.104(2)(b), the court can grant an additional six months for a parent to work toward reunification.  However, the court must detail "specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104.

The children have been removed for over a year.  The parents are still not in a place to care for the children.  Past performance is probative of future performance.  *S.N.*, 500 N.W.2d at 34.  The mother has just begun treatment and the father continues to refuse drug testing.  There is no reason to believe reunification would be possible after an additional six months.  We must also consider whether additional time is in the child's best interest.  *In re W.T.*, 967 N.W.2d 315, 323 (Iowa 2021).  "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to

---

[1] On appeal, the mother does not raise the permissive exception located in Iowa Code section 232.116(3)(b).  That provision allows a juvenile court to refrain from terminating the relationship between a parent and child if the child "is over ten years of age and objects to the termination."  Iowa Code § 232.116(3)(b). But even if such had been raised, such would not change our analysis given the child's need for stability and the mother's inability to provide such after an extensive period of reunification efforts.

provide a stable home for the child." *P.L.*, 778 N.W.2d at 41. Further delay is not in the best interest of the children.

## IV. Conclusion

The State has proven grounds by clear and convincing evidence for termination of the parental rights of the mother and father under Iowa Code section 232.116(1)(f) and (h), termination is in the children's best interest, and the application of a permissive exception and the grant of an additional six-month period for reunification efforts is unwarranted. Accordingly, we affirm.

**AFFIRMED ON BOTH APPEALS.**